Richardson, Oh. J.,
delivered the opinion oí the court:
The claim in this case is for the proceeds of 116 bales of cotton alleged to have been owned or held by the claimant for the use of said Eliza Jane Mahan, when, “on or about September 1, 1863, at Kingston, Miss., it was seized by the United States Army and shipped to Natchez, Miss., and thence to a supervising agent of the Treasury at Cincinnati, Ohio, by whom it was *467 sold under the provisions of the Abandoned or Captured Property Act, and the proceeds covered into the Treasury,” and was transmitted to this court by the Committee on War Claims of the House of Representatives, December 11, 1885, under the Bowman Act. (22 Stat. L., 485.)
The case was submitted to the court by J. T. Power, for the claimant, and by the Attorney-General, through Heber J. May, assistant, May 11, 1885, upon a motion on the part of the defendants to dismiss for want of jurisdiction, as provided by the third section of said act.
It appears, according to the allegations, which, for the purposes of the decision on this motion, must be taken as true, without reference to the real facts which might be proved on the one side or the other upon a trial on the merits, that the claimant was in possession by legal title of 116 bales of cotton for the use of Mrs. Mahan, when they were seized in September, 1863, under the Captured or Abandoned Property Act of March 12, 1863 (12 Stat. L., 820), sold, and the proceeds covered into the Treasury. ■ *
Mrs. Mahan, who is the daughter of Mrs. Mitchell', brought suit in this court under the Abandoned or Captured Property Act within thetwo years’ limitation therein prescribed, claiming to be the owner of the cotton in question by purchase from Mrs. Mitchell just before its seizure. The court held that she acquired no valid title to the property by the alleged purchase, and that it was not owned by her, and gave judgment against her. (6 C. Cls. 14., 331.) On appeal the judgment was affirmed by the Supreme Court. (16 Wall., 143, and 8 C. Cls. 14., 137.)
Mrs. Mitchell, the present claimant, might have perferred her claim in this court for the proceeds of the property in the Treasury at any time within two years after the suppression of the rebellion, under the third section of the Abandoned or Captured Property Act, and not having done so her claim is barred, as is that also of Mrs. Mahan. By the third section of the Bowman Act this court has no jurisdiction of such cases. The case is therefore dismissed for want of jurisdiction. The clerk will transmit a copy of this finding to the Committee on War Claims of the House of Representatives.
Weldon, J., was prevented by illness from sitting in this case and took no part in the decision.